2024 IL App (2d) 230537-U
No. 2-23-0537
Order filed February 8, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23-CF-2427 |
| TEION D. JONES, | ) ) | Honorable Salvatore LoPiccolo, Jr., |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appeal dismissed, where our decision would be advisory.

¶ 2    In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023),

the State timely appeals the order of the circuit court of Kane County denying the State's petition

to detain defendant, Teion D. Jones, pursuant to Public Acts 101-562 and 102-1104 (eff. Jan. 1,

2023), commonly known as the Pretrial Fairness Act (Act).[1]  We dismiss the appeal.

---

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today

¶ 3    The record reflects that, on November 10, 2023, the State charged defendant with several crimes, including two counts of aggravated unlawful use of a weapon (in a vehicle and without a concealed carry permit) (720 ILCS 5/24-1.6(a)(1) (West 2022)), aggravated battery to a peace officer (720 ILCS 5/12-3.05(d)(4)(i) (West 2022)), two counts of unlawful use or possession of weapons or ammunition by a convicted felon (720 ILCS 5/24-1.1(a) (West 2022)), resisting a peace officer (720 ILCS 5/31-1(a)(1) (West 2022)), and obstructing a peace officer (720 ILCS 5/31-1(a)(2) (West 2022)).   That same day, the State filed a verified petition to deny defendant pretrial release pursuant to section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (Code), as amended by the Act.  725 ILCS 5/110-6.1(a)(1) (West 2022).  After a hearing, the court denied the State's petition, finding that, although the State established that defendant was charged with a detainable offense and posed a real and present threat to the safety of police officers (regarding this traffic stop by possessing ammunition), less restrictive conditions would suffice. The court ordered defendant released, pursuant to conditions, including electronic home monitoring (EHM).

¶ 4    The State timely appeals and requests that we reverse the trial court's order granting pretrial release or, alternatively, remand for a new hearing.  However, as the State concedes in a footnote, around three weeks after the proceedings in this case, defendant was again arrested and, ultimately, charged in a new case (involving escape charges he committed while on EHM in this case) and ordered detained pending trial (defendant's appeal of which we recently affirmed and, when that mandate issues, will also moot this appeal) (appeal No. 2-23-0546)).  We may take judicial notice

_____

(SAFE-T) Act.  Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

of the record in appeal No. 2-23-0546, which reflects in part that, while defendant was on EHM in the present appeal, he apparently cut off the EHM ankle bracelet and tried to flee with a stolen credit card. Ill. R. Evid. 201 (eff. Jan. 1, 2011) (judicial notice of adjudicative facts). As part of its proffer supporting its motion to detain in appeal No. 2-23-0546, the State noted that defendant's actions occurred while on pretrial release in this case, and the court also relied upon that fact in ordering defendant detained. As such, here, defendant argues that we should dismiss the appeal. Specifically, defendant notes that, while it is possible that, because it succeeded in moving to detain defendant on the new escape charges, the State opted to not file a motion to revoke pretrial release in this case based on the new charges, "ultimately[,] it does not matter. The State has already obtained the substantive relief that it seeks in this appeal, namely [defendant] is now in custody at the State's request."

¶ 5    We agree that, as a practical matter, any substantive decision rendered in this appeal would, essentially, be advisory. "Generally, reviewing courts will not render advisory opinions or consider an issue when it will not affect the result." *People v. Brown*, 236 Ill. 2d 175, 195 (2010). For example, concluding that the court erred and either reversing the order granting defendant pretrial release or ordering a new hearing on that issue would be irrelevant, as defendant is presently detained. And, even if we affirmed the trial court's decision to release defendant, our decision would be ineffectual, in that defendant is no longer out on pretrial release. Moreover, we also note that if the court or State wishes to again address defendant's detention status in this case, based upon facts that have arisen since the November order, including those relevant to appeal No. 2-23-0546, they may do so. See, *e.g.*, 725 ILCS 5/110-6 (a) (West 2022) ("When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A

misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing *on the court's own motion or upon the filing of a verified petition by the State*."); 725 ILCS 5/110-6.1(d)(2) (West 2022) ("[i]f the State seeks to file a second or subsequent petition under this Section, the State shall be required to present a verified application setting forth in detail *any new facts not known or obtainable at the time of the filing of the previous petition*.").

¶ 6 For the foregoing reasons, we dismiss this appeal.

¶ 7 Appeal dismissed.